Debt on a lease for years, to commence in futuro; virtute cujus, the lessors entered, and the lease was rendering rent, after verdict.
Thin, Serj., moved in arrest of judgment. The declaration is bad, for it does not show when the defendant entered. Therefore, it shall be taken more strongly against him, viz., that the lessee entered before the lease commenced.
CURIA. It cannot be intended here, for it is said virtute cujus the lessor entered. He could not enter by force of the demise until after the day.
Thin. 7 E., 6; Dyer, 89. Clifford's case is exactly in point.
There is a difference between an ejectione firmae by a lessee against a stranger, and debt by the lessor against the lessee for the rent. For anejectione firmae is not maintainable unless on the possession of the lessee. But debt against him lies on the privity of the contract, because he cannot plead that he did not occupy the land virtute dismissionis. Therefore, even if it should be intended that he entered before the day and was a disseizor, and so remained after the year, yet debt lies against him for the rent, on the contract.
Thin. The implication does not go to the declaration; therefore, thevirtute cujus does not serve. And if he be a disseizor, debt does not lie against him any more than in Rushden's case, 24 H., 8; Dyer, 4. Lessee for years made a feoffment, debt does not lie against him for the rent.
All the court was against the Serjeant; and afterwards, being informed that the defendant had taken out a chancery process against the plaintiff, gave judgment for the plaintiff, and told to Thin, Serj., he might bring error if he pleased. Godb., 384.